SEBASTIAN RAMSBURG AND OTHERS, BUILDING COMMITTEE
OF THE GERMAN REFORMED CONGREGATION OF JEFFER-
SON, *vs.* GEORGE MCCAHAN.—*December* 1845.

*M* covenanted with *R and others*, building committee of the *G. R. Congrega-
tion*, that he should and would, on or before *the 1st day of, &c., next*, in
consideration of, &c., to be paid to him at the times thereinafter specified,
well and substantially erect, build, and completely finish, a church for the
said congregation, upon the ground belonging to them, according to the
specifications and dimensions following, &c. The said *M* further cove-
nanted, that he should do or cause to be done *within said time*, all the work
necessary to finish and complete the said church. The committee agreed
to pay him a specified sum, when he should give bond for the performance
of the work; another sum when the brick wall should be commenced, &c.
The parties further covenanted, that in case the building committee should
*direct any more work to be done* than is mentioned, then they should pay
*M* so much money as such work shall be worth, upon a reasonable valua-
tion. HELD:

1st. That if an action could be sustained on this covenant for the work done
by *M*, then the action of *assumpsit* could not be sustained for the same.

2nd. That *M* could recover for the extra work, though done after the time
stipulated in the covenant, unless the time for the completion of the build-
ing, including the extra work, was of the essence of the agreement.

3rd. That this covenant, in relation to the extra work, is an independent
covenant, the parties not designing to restrict the completion of the extra
work to the day designated in the contract.

4th. If the covenant in relation to extra work was a dependent covenant, then
if, such work had been required to have been performed the day before
that designated for the completion of the church, the plaintiff would have
been bound to have performed it, although such performance might have
required months.

5th. That as time in relation to the extra work, where that was required
to be done, is not of the essence of the covenant; a suit for it could only
be maintained on the covenant.

6th. That if the agreement had contained no covenant in relation to extra
work, its terms would have made the time for the completion of the building
of its essence.

Where the right to recover, depended upon the performance of work alleged
to have been done, of which proof was given, it is error in the court refus-
ing the prayer of the defendant, that the plaintiff is not entitled to recover,
to add an instruction, that the plaintiff under the proof is entitled to recover.
This takes the fact from the jury.

Where the contract declared, that a party should be paid for work, "as much
money as such work shall be worth, upon a reasonable valuation," the
true construction of this is, that the party shall be paid as much money as

the work when done shall be reasonably worth, and not that the party claimant should procure a valuation, to be made as a rule of evidence. The parties did not designate any person to make the valuation.

APPEAL from *Frederick* county court.

This was an action of *assumpsit*, brought on the 11th January 1843, by the appellee against the appellant. The defendants pleaded *non assumpsit*, and the jury found a verdict for the plaintiff.

1ST EXCEPTION. The plaintiff to support the issue on his part, offered in evidence, by *George Moore*, that he is a stone and brick mason by trade; that as such, he, together with his partner, *N. P. Haller*, were employed by the plaintiff to do the stone and brick work of a church, to be built on a lot of ground owned by the *German Reformed Congregation of Jefferson*, in the town of *Jefferson*, which church was to be built by the plaintiff. That when he was about to commence said work, he thought that the foundation was not, as then dug out, sufficiently solid to support the building; that he so stated to the plaintiff, who thought otherwise, and said that he would stand to the work; that at the time, the defendants were also present, and that *Sebastian Ramsburg*, one of the defendants, said, that the foundation must be dug deeper, so as to get on a good foundation, even if it should cost five hundred dollars more; then the plaintiff said, if you wish it dug deeper, you must do it at your own cost, and then have the foundation dug deeper; the said *Lakin* and *Feaster* also requiring, that the same should be dug deeper; that said foundation was dug deeper, and the ground was no better for a foundation than before, and that such deepening of the said foundation, cost the said plaintiff more money, both on account of the increased excavations, as also the additional quantity of stone and mason work.

The plaintiff further proved, by *Hiram Keefer*, who is a carpenter, that he had examined the church in *Shepherdstown*, in *Virginia*, as also the said church in the town of *Jefferson*, built by the plaintiff for the *German Reformed Congregation*, as hereinafter stated, for the purpose of comparing the work done in each church, and ascertaining the extra work, if any, that was done in the church built by the plaintiff, in the town

of *Jefferson,* aforesaid. That on a comparison, he found that there was work done in and about the said church built by the plaintiff, at the town of *Jefferson,* more than the work done in the said church at *Shepherdstown,* in the finish of the gallery, &c., and various other extra work, amounting to the sum of between three and four hundred dollars in value.

The plaintiff, then, further to support the issue on his part joined, offered in evidence the following articles of agreement, the due execution of which, by all the parties thereto, under their respective hands and seals, was admitted :—

"Articles of agreement, made on the 26th July 1841, between *George McCahan,* of the one part, and *Sebastian Ramsburg, William Lakin,* and *John Feaster, Sen.,* building committee of the *G. R. C. of Jefferson,* in the county and State aforesaid, of the other part, as followeth :

1st. "The said *George McCahan,* for himself, his heirs, executors and administrators, doth hereby covenant with the said *S. R., W. L.,* and *J. F., Sen.,* building committee aforesaid, their, &c., that he, the said *George McCahan,* his, &c., shall and will, on or before the 1st day of June, now next ensuing, in consideration of the sum of $3050, to be paid to him at the times hereinafter mentioned, well and substantially erect, build, and completely finish, in a neat and workmanlike manner, a church or house of worship for the *G. R. C. of J.,* upon the ground belonging to said congregation, in the town aforesaid, according to the specifications and dimensions following: The size of the church to be forty-three feet by fifty-three, to be built with brick, after the plan of the *G. R. Church* in *Shepherdstown, Va.,* with the exception, first, that the floor be at least five feet from the surface of the ground, &c. And the said *George McCahan,* his, &c., shall do, or cause to be done, within said time, all the work necessary to finish and complete the said church or house of worship, in a neat, substantial, and workmanlike manner; and also shall and will provide, good, proper, and sufficient materials, of all kinds whatsoever, for erecting, completing, and finishing said building. And said *S. R., W. L.,* and *J. F., Sen.,* building committee aforesaid, doth for themselves, their, &c., covenant with the said

*George McCahan*, his, &c., that they, the said *S. R., W. L.*, and *J. F., Sen.*, their, &c., shall and will, well and truly, pay or cause to be paid, unto the said *George McCahan*, his, &c., the sum of $3050, in manner following, to wit: $762.50, part thereof, when the said *George McCahan* shall execute and deliver to the building committee aforesaid, to be approved by them, a penal bond, for the true and faithful performance of the covenants and agreements, herein set forth and mentioned; $762.50, another part thereof, when the brick wall shall be commenced; $762.50, another part thereof, when the said building shall be put under roof; and the remaining $762.50, when the same shall be completely finished.

"And it is hereby further agreed to, by and between the said parties to these presents, that in case the said *S. R., W. L.*, and *J. F., Sen.*, building committee aforesaid, shall direct any more work to be done, in and about said church, than is mentioned in the foregoing agreement, that then the said building committee shall pay, or cause to be paid, unto the said *George McCahan*, his, &c., so much money as such work shall be worth, upon a reasonable valuation, any thing herein contained, notwithstanding.    In testimony whereof, they have hereunto set their hands and seals, the day and year herein first written."

The plaintiff further proved, by *W. L. Spangler*, that the church or building described in said articles of agreement, was finished by the plaintiff sometime in the fall of the year 1842; and the plaintiff further proved, by *Levi Mobberly*, that he was present sometime in the fall of the year 1842, when the said church was finished; that he saw the plaintiff deliver the key of the same to the said *Ramsburg*, who said, that he was acting for himself and the rest of the committee, and that he was perfectly satisfied with said building, to which the plaintiff replied, that he hoped that as he, the said *Ramsburg*, was satisfied, that he would make him, the said plaintiff, satisfied, and that said *Ramsburg* said, that he would; that said church was taken possession of, and has been used as a house of worship ever since by the *G. R. C.*

The defendants then prayed the court to instruct the jury, that if they shall believe from the evidence in this cause, that the work done by the plaintiff, and for the price or value of which this suit is brought, was done under and by virtue of said articles of agreement, under seal, offered in evidence by the plaintiff, though not done by the time specified in said agreement, that then, for the doing of said work, the plaintiff is not entitled to recover in this form of action; which instruction the court, (T. Buchanan and R. H. Marshall, A. J.,) refused to give, being of opinion, and so instructed the jury, that the plaintiff, under the proof offered, is entitled to recover for the price or value of said work so done by him; to which opinion and instruction of the court, the defendants excepted.

2nd Exception. The defendant on the aforegoing testimony, prayed the court to instruct the jury, that for all work done by the plaintiff, which the jury shall believe was extra work, directed by the defendants to be done, and done by virtue of said agreement, the plaintiff is not entitled to recover the price or value of the same in this form of action; which instruction the court refused to give. The defendants excepted.

3rd Exception. The defendant, then, on the aforegoing evidence, prayed the court to instruct the jury, that for all the said work done by the plaintiff, which the jury shall believe was extra work done, under and by virtue of said agreement, the plaintiff is not entitled to recover for the same, even in this form of action, unless the jury shall believe from the evidence, that there was a reasonable valuation of the same, to ascertain what the said extra work was worth, and that the plaintiff gave notice of such valuation to the defendants before this suit was instituted; which instruction the court refused to give; the defendants excepted.

4th Exception. The defendants, then, on the aforegoing evidence, prayed the court to instruct the jury, that if they shall believe, from the evidence in the case, that the extra work that was done in and about said church, other than the work particularly mentioned in said articles of agreement, and for which the said defendants had bound themselves in said agreement to pay the sum of $3050, was done in and about the

44 v.3

Ramsburg, et al. *vs.* McCahan.—1845.

said church or building, standing and being on a lot of ground owned by said *German Reformed Congregation of Jefferson;* and that said church is in the possession, occupancy, and enjoyment of said congregation, that then the plaintiff is not entitled to recover for the same against the defendants, in this form of action; which instruction the court refused to give; the defendants excepted.

The defendants prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By GEORGE SCHLEY and PALMER for the appellants, and By WM. SCHLEY for the appellee

ARCHER, C. J., delivered the opinion of this court.

The plaintiff had entered into articles of agreement with the defendants, stating themselves in the contract to be the building committee of the *German Reformed Congregation of Jefferson,* for the building of a church on a lot of ground belonging to the said congregation; and offered evidence to the jury, to shew the building of the church, and that extra work had been done on the church, for which building and extra work, he sought to recover in this action.

The appellee, on his part, and in consideration of *three thousand and fifty dollars,* warranted and agreed, to erect, build, and completely finish, in a neat and workmanlike manner, a church or house of worship, for the *German Reformed Congregation of Jefferson,* upon ground belonging to said congregation, before the 1st day of June 1842. The size and plan of the church to be similar to the *German Reformed Church* in *Shepherdstown, Virginia.* The appellants covenanted, on their part, to pay to the appellee the sum of $3050, in manner following, to wit: $762.50, part thereof, when the appellee should execute a penal bond, for the faithful performance of the covenants on his part; $762.50 when the brick wall should be commenced; $762.50 when the building should be put under roof; and the remaining $762.50, when the same shall be completely finished. And the agreement contained this further covenant:

"It is further agreed, between the parties to these presents, that in case the said *Ramsburg, Lakin and Feaster,* as building committee aforesaid, shall direct any more work to be done in and about said church than is mentioned in the aforegoing agreement, that then the said building committee shall pay to the said *George McCahan,* so much money as such work shall be worth, upon a reasonable valuation."

It appeared in evidence, that the church was finished sometime in the fall of 1842; that the key of the church was delivered to one of the appellants, *Ramsburg,* who said he was acting for himself and the rest of the committee; and that he was perfectly satisfied with the building, and promised to make the appellee satisfaction therefor; and that the church was taken possession of, and has been used as a house of worship ever since, by the *German Reformed Congregation.* Upon this, the appellants prayed the court to instruct the jury, that if they shall believe from the evidence in the case, that the work done by the plaintiff, and for the price or value of which this suit is brought, was done under and in virtue of said articles of agreement, under seal, offered in evidence by the plaintiff, though not done in the time specified by the said agreement, that then, for the doing of said work, the plaintiff is not entitled to recover in this form of action; which instruction the court refused to give, being of opinion, and so instructed the jury, that under the proof offered, the plaintiff is entitled to recover for the price or value of the work so done by him.

If an action can be sustained on the covenant between the parties, for the work done by the plaintiff, no recovery can be had in this action. The covenant contains a stipulation for the payment of the extra work, and the plaintiff would be entitled to recover thereon, unless the time for the completion of the building, including the extra work, was of the essence of the agreement.

It has heretofore been decided by this court, in *Watchman & Bratt,* 5 *G. & J ,* 262, that the true intent of the parties, as apparent in the instrument, should determine whether covenants are independent or conditional; and guided by this rule, we have no difficulty in reaching the conclusion, that the cove-

nant to perform the extra work, referred to in the agreement, is an independent covenant, the parties in relation thereto, not designing to restrict the completion of the extra work to the day designated in the contract. If extra work had been required to have been performed, the day before that designated for the completion of the church, the plaintiff would have been bound to have performed it, although such performance might have required months, and we cannot, therefore, suppose that the parties, as to such extra work, designed any restriction as to time. We therefore think, that whatever may be the true construction of the agreement as to time being the essence of the contract had no extra work been required to be done, in relation to the extra work, the covenant is wholly independent of the agreement, to complete the building at the time designated in the contract; and that as time in relation to such contract, is not of the essence of the agreement, a suit for the extra work could only be maintained on the covenant.

Had the agreement contained no covenant in relation to the extra work, the terms of the agreement would have made the time for the completion of the building, of the essence of the contract. But the parties having stipulated, generally, for doing of extra work, which might require a longer time than that designated in the agreement, and which extra work might be necessary to complete the building, it is clear they did not consider time, as of the essence of the contract. The covenant for the extra work is peculiar in its phraseology. It stipulates, in case the building committee shall direct any more work to be done, in and about said church, than is mentioned in the agreement, that then they shall pay therefor a reasonable valuation. Under this stipulation, the extent and kind of work, other than that mentioned in the agreement, was left discretionary with the committee, and the completion of the church might have been, in consequence, postponed far beyond the day designated in the contract. We are inclined, therefore, to think, that not only as it regarded what has been considered as extra work, but even in the erection of the church, time was not regarded by the parties as of the essence of the contract.

This view of the case, induces us to decide, that the court were in error in refusing to grant the defendant's prayers in the first and second bill of exception, and in granting the instruction, which was given by them to the jury in the first bill of exception. This instruction, however, is liable to another objection; the question of fact, as to the performance of the extra work, was taken from the jury.

We think the court were right in the opinion expressed by them in the third bill of exceptions. If the action of *assumpsit* had been the appropriate remedy to recover the value of the extra work, we do not think it would have been necessary as a preliminary step, for the plaintiff to have had a valuation of the work done, and to have given notice of such valuation to the defendants. It is true, the covenant obliges the defendants to pay as much money as the work shall be worth, upon a reasonable valuation. But the true construction of this agreement is, that the defendants shall pay the plaintiff what the work shall be reasonably worth: and not, that the plaintiff should procure a valuation, to be made as a rule of evidence. We are strengthened in this conclusion by the fact, that the parties did not designate any person to make the valuation. In the cases which have been referred to, in which it was held as indispensable, that an estimate should be made as a rule of evidence, it will be found, that there has been a designation by the parties of the person who should make it. *Vide,* 11 *G. & J.*, 72, and the cases there referred to.

The question decided in the fourth and last bill of exception, is substantially the same decided on the respondent's prayers, in the first and second bill of exceptions, and is liable to the objections stated in the examination of those exceptions. Upon this exception other questions were discussed, as to the right of the plaintiff to recover against the defendants, which we do not think are raised by the prayer, and on which, therefore, we deem it unnecessary to express any opinion.

JUDGMENT REVERSED.